## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CARMEN M. GONZALEZ,
              Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
              Agency.

DOCKET NUMBER
DA-0845-19-0248-I-1

DATE: June 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carmen M. Gonzalez</u>, El Paso, Texas, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed in part and modified in part a reconsideration decision issued by the Office of Personnel Management (OPM) regarding an overpayment of Federal Employees' Retirement System (FERS) disability benefits made to the appellant.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Specifically, the administrative judge affirmed OPM's determination that the appellant received an overpayment of FERS disability benefits in the amount of $56,089, and that she is not entitled to a waiver of the overpayment. However, the administrative judge modified the appellant's repayment amount to $5 per month due to her financial hardship. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The factual findings made by the administrative judge in the initial decision remain generally undisputed on review. Initial Appeal File (IAF), Tab 16, Initial Decision (ID) at 2-4; Petition for Review (PFR) File, Tabs 1, 4. In a letter dated August 2, 2012, OPM approved the appellant's application for disability retirement under FERS, which became effective on August 10, 2012. IAF, Tab 10 at 104, 112-15. In the decision letter that OPM sent to the appellant, she was told, inter alia, that she must apply for Social Security Disability Insurance (SSDI) benefits and notify OPM of the specifics if she was awarded SSDI benefits. *Id.* at 112-13. OPM further outlined to the appellant the requirement

that for annuitants, any monthly FERS disability benefit must be reduced by the amount of any monthly SSDI benefit,[2] and to not negotiate any awarded SSDI benefit check or payment until her FERS benefit has been properly reduced. *Id.* at 113; *see* 5 U.S.C. § 8452(a)(2) (explaining the requirement for FERS disability benefits to be reduced by the amount of SSDI benefits). In or around November 2015, the appellant's application for SSDI benefits was approved, and she was awarded SSDI benefits retroactive to December 1, 2011. IAF, Tab 5 at 24-25, Tab 9 at 19, Tab 10 at 6. There is no evidence in the record that the appellant contacted OPM to advise of her SSDI benefit award. *See* IAF, Tab 13 at 8-9 (call logs from OPM showing that the appellant did not call to inquire about her benefits from August 2015 through April 2018); ID at 6 n.4.

In December 2016, OPM notified the appellant of the overpayment of her FERS disability benefits after factoring in the amount of SSDI benefits that she received during the covered period. IAF, Tab 10 at 49-50. In total, from the December 1, 2011 effective date of her SSDI disability benefits through December 2016, the appellant received an overpayment of $56,089 in FERS disability benefits. *Id.*; *see* ID at 3 n.1 (explaining that even though the appellant's SSDI benefits were retroactive to December 1, 2011, her FERS disability benefit payments did not begin until August 2012, and OPM accurately calculated the overpayment for the correct period). To recoup the overpayment, OPM set a repayment schedule of 140 monthly installments in the amount of $398.78 and 1 monthly installment of $259.80, to be deducted from the appellant's monthly FERS disability benefit payment. IAF, Tab 10 at 49-50. On January 10, 2017, the appellant filed a request for reconsideration with OPM, seeking to have the overpayment amount waived. IAF, Tab 5 at 22-23.

OPM issued its reconsideration decision on March 26, 2019, affirming its determination of the existence and amount of the overpayment and finding that

---

[2] The amount of reduction varies—for example, in the first 12 months of collection of FERS disability benefits, payments are reduced by 100% of the SSDI monthly amount, followed by a reduction of 60% of the SSDI monthly amount. 5 U.S.C. § 8452(a)(2).

the appellant was not entitled to a waiver of the overpayment. *Id*. at 7-11. After taking the appellant's Financial Resources Questionnaire (FRQ) and accompanying documentation into account, OPM lowered her repayment amount to 224 monthly installments of $250 and 1 monthly installment of $89. *Id*. at 10. The appellant then filed this instant Board appeal contesting OPM's reconsideration decision. IAF, Tab 1.

During the adjudication of this Board appeal, the appellant submitted an updated FRQ. IAF, Tab 13 at 4-6. After the appellant withdrew her hearing request, the administrative judge issued an initial decision on the written record, affirming in part and modifying in part OPM's reconsideration decision. IAF, Tab 11 at 2; ID at 1-11. Specifically, the administrative judge affirmed OPM's determination that after factoring in the amount of SSDI benefits that the appellant was awarded, she received an overpayment of FERS disability benefits in the amount of $56,089. ID at 3-5. While the appellant was not entitled to a waiver of the overpayment, the administrative judge modified her repayment amount to $5 per month due to her financial hardship, as her monthly expenses exceeded her income by $56.46.[3] ID at 5-11.

The appellant filed a petition for review, contesting only the administrative judge's findings related to her FRQ, which he used as a basis to find a financial hardship and to calculate the modified repayment amount of $5 per month.[4] ID at 7-11; PFR File, Tab 1 at 3. OPM filed a response to the appellant's petition for review, in which it seeks affirmance of the initial decision. PFR File, Tab 4 at 4-5. OPM does not dispute the modified repayment amount on review. *Id*.

---

[3] The appellant's monthly income is $3,132 and her monthly expenses are $3,188.46. IAF, Tab 13 at 4; ID at 9.

[4] At no juncture during the adjudication of this appeal before the administrative judge, or on review, has the appellant disputed the existence and amount of the overpayment. ID at 4; PFR File, Tab 1.

**ANALYSIS**

OPM bears the burden of proving, by preponderant evidence, the existence and amount of an overpayment of benefits. *Sansom v. Office of Personnel Management*, 62 M.S.P.R. 560, 563 (1994); 5 C.F.R. § 845.307(a). If OPM meets this burden, the appellant must establish by substantial evidence that she is entitled to a waiver or adjustment of the overpayment. *Stewart v. Office of Personnel Management*, 102 M.S.P.R. 272, ¶ 5 (2006); 5 C.F.R. § 845.307(b).

We agree with the administrative judge's findings in the initial decision that the agency proved by preponderant evidence the existence of an overpayment of FERS disability benefits to the appellant in the amount of $56,089. ID at 3-5. This overpayment occurred because the appellant received monthly FERS disability benefit payments from August 2012 through December 2016 without an adjustment for the amount of SSDI benefits she was awarded for this same time period. IAF, Tab 10 at 49-50; ID at 2-5; *see* 5 U.S.C. § 8452(a)(2). As the administrative judge also determined, while the appellant failed to show by substantial evidence that she is entitled to a waiver of this overpayment, the evidentiary record, to include the appellant's updated FRQ, demonstrated a financial hardship warranting a lower repayment amount, as the appellant's monthly expenses exceed her monthly income. IAF, Tab 13 at 4-6; ID at 5-11; *see* 5 C.F.R. § 845.301 (outlining that an individual is entitled to an adjustment in the recovery schedule for an overpayment from OPM when she shows a financial hardship).

While in her petition for review the appellant takes issue with the manner in which the administrative judge assessed her FRQ, our review of the record demonstrates that the administrative judge accepted, without any reduction, the full amount of average monthly expenses that the appellant listed on her updated FRQ, and even added an additional $50 in emergency expenses in his calculation. *Ewing v. Office of Personnel Management*, 100 M.S.P.R. 224, ¶ 7 (2005); IAF, Tab 13 at 4-6; ID at 8-10; PFR File, Tab 1 at 3. The modified repayment amount

of $5 per month as set by the administrative judge, which is not contested by OPM on review, falls in line with Board decisions in similar circumstances when annuitants had to repay OPM to cover an overpayment of benefits. PFR File, Tab 4 at 4-5; *see, e.g.*, *Dorrello v. Office of Personnel Management*, 91 M.S.P.R. 535, ¶¶ 9-10 (2002) (reducing the appellant's repayment to OPM to $5 per month due to his negative monthly income/expense margin); *Matthews v. Office of Personnel Management*, 85 M.S.P.R. 531, ¶ 11 (2000) (same). As a result, we find no reason to disturb the well-reasoned and substantiated initial decision.

## ORDER

We ORDER OPM to reduce the appellant's repayment schedule to a rate of $5.00 per month. OPM must complete this action no later than 20 days after the date of this decision.

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.